# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| JUSTIN ADCOCK, as Personal Representative for the Estate of COREY JAMES ADCOCK, deceased and on Behalf of his children CADEN J. ADCOCK, and E.A., a minor by and through her mother JENNIFER MARTINEZ ADCOCK, | Case No. 23-cv-02155-KMM/JFD<br><br>ORDER |
| Plaintiffs, | |
| v. | |
| SKYHAWK AVIATION, a Minnesota corporation; BRADLEY A. LEVAN, a Citizen of Minnesota in his Individual capacity as owner and operator of SKYHAWK AVIATION and as Registered Agent with a listed address of 205 3rd Ave, SE Plainview, MN 55964 ROBINSON HELICOPTER COMPANY, INC., a California corporation; AGRIDATA, INC., a North Dakota corporation; CHS, INC., a Minnesota corporation, | |
| Defendants. | |

In this diversity action, Plaintiff Justin Adcock, as Personal Representative for the Estate of Corey James Adcock ("Plaintiff") brings suit against a number of defendants, including Robinson Helicopter Company ("Robinson"), a California company, after a Robinson helicopter experienced mechanical failure, hit a powerline, and crashed near Elgin, Minnesota on July 19, 2021. [Amended Compl., ECF No. 7 ¶ 1]. Corey James

Adcock, the sole occupant of the helicopter, was fatally injured in the crash. [*Id.* ¶ 2]. Robinson manufactured the helicopter involved in the crash, and sold the helicopter to an Oregon-based dealership, Leading Edge Aviation, Inc., in June of 2007. [Memo. on Mot. to Dismiss, ECF No. 42 ¶ 3; Aff. of Peter Riedl, ECF No. 44, Ex. A. ¶ 11–12].

Robinson moved to dismiss the Amended Complaint for lack of jurisdiction. [ECF No. 42]. Robinson, a California-based company with its principal place of business in Torrance, California, argued that the Court could not exercise personal jurisdiction over it. Plaintiff filed a response in opposition to the motion, in part seeking jurisdictional discovery [ECF No. 60], and Robinson filed a reply [ECF No. 64].

On January 22, 2024, the parties appeared for oral argument. The Court denied Robinson's Motion to Dismiss from the bench and granted Plaintiff's request to conduct jurisdictional discovery. [ECF No. 69]. This Order memorializes the Court's decision.

As established during the hearing, the parties essentially agree on the governing law of personal jurisdiction, and they agree that the Court does not have general jurisdiction over Robinson. Since the Court has already announced its ruling from the bench, the Court will not include a lengthy recitation of the applicable legal standards related to personal jurisdiction in its Order.

As the Court stated during the hearing, jurisdictional discovery is available when there are meaningful jurisdictional issues being raised. The Eighth Circuit has held that "[d]iscovery is not limited to the merits of a case," and that "where issues arise as to jurisdiction or venue, discovery is available to ascertain the facts bearing on such issues."

2

*Pudlowski v. The St. Louis Rams, LLC*, 829 F.3d 963, 964 (8th Cir. 2016) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 n. 13 (1978)).  Before a court should allow such discovery, the plaintiff's assertions regarding jurisdiction must be more than mere speculative or conclusory allegations.  *See Steinbuch v. Cutler*, 518 F.3d 580, 589 (8th Cir. 2008).

The Court has considerable discretion to grant parties jurisdictional discovery in response to motions to dismiss.  *Yellow Brick Rd., LLC v. Koster*, No. 13-cv-2266 (JRT/LIB), 2014 WL 12932224, at *4 (D. Minn. Feb. 25, 2014).  As discussed at the hearing, the Court finds that, at this stage of the proceedings, Plaintiffs have presented a sufficient showing that jurisdictional discovery is warranted.

The Court denies Defendant Robinson's motion to dismiss without prejudice, and grants Plaintiff's request for jurisdictional discovery. For the foregoing reasons, **IT IS HEREBY ORDERED** that:

1. Defendant Robinson Helicopter Company's Motion to Dismiss for Lack of Jurisdiction [ECF No. 42] is **DENIED**; and

2. Plaintiff's Request for Jurisdictional Discovery [ECF No. 60 at 13] is **GRANTED**.

Date: March 7, 2024         *s/Katherine Menendez*
                            Katherine Menendez
                            United States District Court

3